JOHN B. KETTELL & another *vs.* JOHN FOOTE & others.

If the parties to a cause in the superior court waive a trial by jury and submit it to be determined by the judge, no exception lies to his decision, unless the case shows some erroneous ruling or opinion on the matters of law involved in the issue.

CONTRACT on a recognizance taken under Gen. Sts. *c.* 124, § 10, with condition that the defendant Foote, who had been arrested on an execution in favor of the plaintiffs, should within thirty days from the day of his arrest deliver himself up for examination, giving notice as therein provided, and making no default, and abide the final order of the magistrate thereon. In the superior court, a trial by jury was waived, and the case was heard before *Ames,* J., who ruled, upon the evidence introduced before him, that the plaintiffs were entitled to recover; and the defendants alleged exceptions. The facts in evidence are immaterial to be stated here.

*S. J. Thomas,* for the defendants.

*W. Brigham,* for the plaintiffs.

BIGELOW, C. J. These exceptions do not present a case on which this court can properly pass. The liability of the defendants on the recognizance declared on involved the decision of mixed questions of law and fact. The rulings of the court in matters of law are not stated. For aught that we can know, they may have been correct, and, if any error was, made in the judgment, it may have been founded solely on conclusions of fact. Inasmuch as the right of a party to take exceptions is confined by statute (Gen. Sts. *c.* 115, § 7, and *c.* 129, § 67) to

the " opinion, ruling, direction or judgment of the court in matters of law," it follows that the defendants, on whom is the burden of sustaining their exceptions, fail to show that they have been aggrieved by any decision of the court below which entitles them to ask for a revision of the case here.

In cases in which, under Gen. Sts. *c.* 129, § 66, the parties waive a trial by jury, and the court are called on to pass on questions of fact as well as law, the only proper mode of presenting questions of law by exceptions is, either by having a distinct statement made of the ruling or opinion of the court on the matters of law involved in the issue, or by asking for specific rulings, which the parties deem applicable to the case as presented by the evidence. By this means we shall be enabled to ascertain the precise grounds on which the court proceeded in rendering judgment, and to separate conclusions of law from those of fact. *Exceptions overruled.*